Eric Magnelli, Esq.
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068
Office:  (973) 228-5700
*Attorneys for Defendant National Center for Advocacy and Recovery, Inc.*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BARBARA AGUILAR,<br><br>                *Plaintiff*,<br><br>v.<br><br>NATIONAL CENTER FOR ADVOCACY AND RECOVERY, INC. d/b/a NCAAD NEW JERSEY, INC. and JOHN DOES 1-5 AND 6-10,<br><br>                *Defendants*. | Civil Action No. 2:21-cv-06773-KM-ESK<br><br><br>**DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant National Center for Advocacy and Recovery, Inc. ("Defendant") by way of Answer to Plaintiff Barbara Aguilar's ("Plaintiff") Complaint, says:

**As to Preliminary Statement**

Inasmuch as the allegations contained in the Preliminary Statement do not constitute a factual assertion but state a legal conclusion for which no response is required, Defendant makes no answer thereto except to deny any wrongdoing.

**As to Identification of Parties**

1. Defendants admits that Plaintiff was an employee of Defendant.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 1 of the Complaint and leaves Plaintiff to her proofs.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Inasmuch as the allegations contained in paragraph 3 of the Complaint are not directed to Defendant, Defendant makes no answer thereto except to deny any wrongdoing.

## As to General Allegations

4. Defendant admits that Plaintiff was employed by Defendant from on or about September 16, 2013 to on or about October 21, 2020. Defendant denies that Plaintiff's discharge was unlawful.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits that in June 2020, the number of support staff physically working in the office began to increase.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint and leaves Plaintiff to her proofs.

10. Defendant admits that Plaintiff requested leave. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 10 of the Complaint and leaves Plaintiff to her proofs.

11. Inasmuch as the allegations contained in Paragraph 11 of the Complaint do not constitute a factual assertion but state a legal conclusion for which no response is required, Defendant makes no answer thereto except to deny any wrongdoing.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits that Dan Campoli ("Campoli") was Plaintiff's supervisor.

14. Defendant admits that Campoli has the title Regional Manager. Inasmuch as the remaining allegations contained in Paragraph 13 of the Complaint do not constitute a factual

assertion but state a legal conclusion for which no response is required, Defendant makes no answer thereto except to deny any wrongdoing.

15. Defendant admits that Plaintiff received a written warning for missing work in April 2020 without notice or approval. Defendant denies that Plaintiff's written warning was because she requested leave.

16. Defendant admits that Plaintiff received multiple negative performance evaluations throughout her employment. Defendant denies that any negative performance evaluation was due to Plaintiff requesting leave.

17. Defendant admits that it granted Plaintiff's leave requests.

18. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of the Complaint and leaves Plaintiff to her proofs.

19. Defendant admits that Plaintiff requested additional leave, which was granted.

20. Inasmuch as the allegations contained in Paragraph 20 of the Complaint do not constitute a factual assertion but state a legal conclusion for which no response is required, Defendant makes no answer thereto except to deny any wrongdoing.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 24 of the Complaint and leaves Plaintiff to her proofs.

25. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 25 of the Complaint and leaves Plaintiff to her proofs.

BE:11720534.2/NCA002-279753

26. Defendant admits that on or about October 21, 2020, Plaintiff was informed by Campoli that her employment was terminated.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

## AS TO COUNT I
## FFCRA Violation

32. Defendant incorporates by reference its responses to Paragraphs 1 through 31 above as if set forth at length herein.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

## AS TO COUNT II
## Retaliation Under the FLA

34. Defendant incorporates by reference its responses to Paragraphs 1 through 33 above as if set forth at length herein.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

## AS TO COUNT III
## Request for Equitable Relief

36. Defendant incorporates by reference its responses to Paragraphs 1 through 35 above as if set forth at length herein.

37. Inasmuch as the allegations contained in paragraph 37 of the Complaint are not directed to Defendant, Defendant makes no answer thereto except to deny any wrongdoing.

38. Inasmuch as the allegations contained in paragraph 38 of the Complaint are not directed to Defendant, Defendant makes no answer thereto except to deny any wrongdoing.

BE:11720534.2/NCA002-279753

39. Inasmuch as the allegations contained in paragraph 39 of the Complaint are not directed to Defendant, Defendant makes no answer thereto except to deny any wrongdoing.

40. Inasmuch as the allegations contained in paragraph 40 of the Complaint are not directed to Defendant, Defendant makes no answer thereto except to deny any wrongdoing.

41. Inasmuch as the allegations contained in paragraph 41 of the Complaint are not directed to Defendant, Defendant makes no answer thereto except to deny any wrongdoing.

42. Inasmuch as the allegations contained in paragraph 42 of the Complaint are not directed to Defendant, Defendant makes no answer thereto except to deny any wrongdoing.

43. Inasmuch as the allegations contained in paragraph 43 of the Complaint are not directed to Defendant, Defendant makes no answer thereto except to deny any wrongdoing.

44. Inasmuch as the allegations contained in paragraph 44 of the Complaint are not directed to Defendant, Defendant makes no answer thereto except to deny any wrongdoing.

**WHEREFORE**, Defendant demands judgement as follows:

A. Dismissing Plaintiff's Complaint with prejudice;

B. Awarding Defendant attorneys' fees and costs pursuant to Fed.R.Civ.P. 11 and/or N.J.S.A. § 10:5-27.1;

C. Awarding Defendants such other and further relief as the Court deems equitable, just and proper.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claim(s) are barred, in whole or in part, by the applicable statute(s) of limitations and/or statute(s) of repose.

3. Plaintiff has not suffered any legally cognizable injury or damage attributable or caused by Defendant.

4. Any legally cognizable injury or damage that Plaintiff has suffered, to the extent any was suffered, was caused either in whole or in part by the acts or omissions of Plaintiff and not as a result of any conduct by Defendant.

5. Any legally cognizable injury or damage that Plaintiff has suffered, to the extent any was suffered, was caused either in whole or in part by the acts or omissions of third parties over whom Defendant does not have any control and not as a result of any conduct by Defendant.

6. Any legally cognizable injury or damage that Plaintiffs has suffered, to the extent any was suffered, was caused either in whole or in part by the acts or omissions of third parties acting outside the scope of their employment and not as a result of any conduct by Defendant.

7. Plaintiff's claims are frivolous under Fed.R.Civ.P. 11 and/or N.J.S.A. 2A:15-59.1.

8. Plaintiff's claims are barred, or recovery from Defendant must be reduced or eliminated, under general equitable principles, including the equitable doctrine of unclean hands, laches, waiver, release, set-off and/or estoppel.

9. Defendant did not engage in any unlawful practice or act, and at all times, its actions were in accord with all applicable laws, rules, regulations and equity.

10. There is no causal link between any alleged protected activity and any adverse employment action.

11. Plaintiff suffered no retaliation.

12. All actions of Defendant were made in good faith.

BE:11720534.2/NCA002-279753

13. Defendant relied on legitimate, non-discriminatory and non-retaliatory factors in making all decisions in connection with Plaintiff's employment.

14. Plaintiff's job performance was not satisfactory.

15. Plaintiff's claims are without basis in law or in fact.

16. Without conceding that any act of Defendant caused any damage to Plaintiff, if Plaintiff sustained any damages as a result of the acts alleged in the Complaint, which Defendant denies, such acts were justified and based upon legitimate, good faith reasons.

17. Defendant did not owe any duty to Plaintiff, either express or implied.

18. Without conceding that any act of Defendant has caused any damage to Plaintiff, if Plaintiff sustained any damages as a result of the acts alleged in the Complaint, which Defendant denies, then Plaintiff has failed and neglected to mitigate her damages and to the extent of such failure to mitigate, any damages awarded to Plaintiff must be reduced.

19. Defendant is entitled, with regard to any damages to which Plaintiff may allegedly by entitled, to an offset in the amount that Plaintiff could have reasonably received or earned through the exercise of reasonable diligence.

20. Plaintiff's allegations and damages must be discounted to the extent her pleadings and claims seek duplicative damages.

21. Defendant's actions were not willful or wanton and, therefore, Plaintiff has failed to state a claim upon which the relief of punitive damages may be granted.

22. Defendant acted reasonable under the then-existing circumstances.

23. Defendant did not ratify or condone in any manner whatsoever any wrongdoing or any violation of any of Plaintiff's rights.

BE:11720534.2/NCA002-279753

- 8 -

24. Defendant reserves its right to amend this Answer and to raise and rely upon any additional defense that it determines during the course of discovery is appropriate and applicable to Plaintiff's Complaint.

**DEMAND FOR STATEMENT OF DAMAGES CLAIMED**

In accordance with L.Civ.R. 8.1, demand is hereby made for Plaintiff to provide Defendant with a written statement of the amount of damages claimed.

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

The undersigned counsel hereby certifies that the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitrative proceeding and that, to the best of counsel's knowledge, there is no other party who should be joined in this action.

**BRACH EICHLER L.L.C.**
*Attorneys for Defendant National Center for Advocacy and Recovery, Inc.*

Dated: April 16, 2021           By: _____
                                        Eric Magnelli, Esq.